IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 15, 2019 Session

## JED EMERT v. MILLENNIUM TAXI SERVICE, LLC, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-16-558          Lawrence Howard Puckett, Judge**

_____

**No. E2018-01450-COA-R3-CV**
_____

CHARLES D. SUSANO, JR., J., dissenting.

I would affirm the trial court's holding that plaintiff failed to produce evidence sufficient to enable a reasonable trier of fact, without speculation, to find that the defendant driver caused the door to close on plaintiff as he exited the taxi.

As stated by the Supreme Court, "[t]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 265 (Tenn. 2015) (citing ***Matsushita Elec. Indus. Co.***, 475 U.S. at 586, 106 S.Ct. 1348). The nonmoving party must demonstrate the existence of *specific facts* in the record which could lead a rational trier of fact to find in favor of the nonmoving party. ***Id***. (emphasis added).

Plaintiff has no knowledge of how the door closed; he says it closed automatically. He did not observe the driver operate the door. It is undisputed for purposes of this motion that the door does not have a known mechanical defect. The majority states that it "is undisputed that there are two buttons that control the door: one near the driver, and the other on a post in the passenger area of the van." It then notes that both parties deny pressing a button and asserts that this creates a disputed issue and a credibility determination "may be warranted." I disagree. The undisputed presence of two door-operating buttons is insufficient to withstand the present motion. The closing of the door remains entirely unexplained. Plaintiff is unable to prove that it is more probable than any other conclusion that the actions of the defendant driver caused the door to close on him as he was exiting the taxi. We, like the future trier of fact, are left to speculate.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE